U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUL 2 3 2007

ROBERT H. SHEMWELL, CLERK
BY _____
                DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

BILLY LAMPTON                          CIVIL ACTION NO. 07-0628
FED. REG. NO. 25078-034

                                       SECTION P

VS.

                                       JUDGE DRELL

WARDEN FREDRICK MENIFEE                 MAGISTRATE JUDGE KIRK

REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus (28 U.S.C. §2241) filed on April 9, 2007 by pro se petitioner Billy Lampton. Petitioner is an inmate in the custody of the Federal Bureau of Prisons. He is presently incarcerated at the United States Penitentiary – Victorville, in Adelanto, California, however, when he filed his petition he was incarcerated at the United States Penitentiary – Pollock, Pollock, Louisiana.[1] He attacks the sentences imposed following his 1997 convictions for drug related offenses in the United States District Court for the Eastern District of Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the

_____

[1] Jurisdiction attached at the time petitioner filed his *habeas corpus* petition. Lee v. Wetzel, 244 F.3d 370, 375, n. 5 (5 Cir.1990); Barden v. Keohane, 921 F.2d 476, 477, n. 1 (3 Cir.1990); Mujahid v. Daniels, 413 F.3d 991 (9 Cir.2005). Petitioner was incarcerated in the Western District of Louisiana; his subsequent transfer to a place outside of the Western District of Louisiana does not affect this court's authority to hear and determine his claims.

following reasons it is recommended that the petition be **DENIED**
and **DISMISSED WITH PREJUDICE.**

### *Statement of the Case*

On September 27, 1996, petitioner was indicted in the
United States District Court for the Eastern District of
Louisiana.  He was charged with conspiracy to distribute heroin,
cocaine, cocaine base and marijuana in violation of 21 U.S.C.
§846; three counts of distribution of heroin in violation of 21
U.S.C. §841(a)(1); one count of fraudulent use of a
telecommunications instrument in violation of 18 U.S.C.
§1029(a)(5); and, one count of engaging in a continuing criminal
enterprise in violation of 21 U.S.C. §848. On March 28, 1997 he
was found guilty as charged following trial by jury. On August 6,
1997 he was sentenced to serve 360 months on Counts 1, 2, and 3;
120 months on Count 5; and a term of life imprisonment on Counts
6 and 7. All sentences were ordered to be served concurrently.

Petitioner's convictions and sentences were affirmed on
direct appeal. United States v. Lampton, 158 F.3d 251(5th Cir.
1998). The Supreme Court denied his petition for *certiorari*.
Lampton v. United States, 525 U.S. 1183, 119 S.Ct. 1124, 143
L.Ed.2d 119 (1999).

Petitioner's §2255 Motion to Vacate was granted in part and
otherwise denied, the court having found that the conviction for
conspiracy to possess a controlled dangerous substance (21 U.S.C.

Page 2

§846) was a lesser included offense of operating a continuing criminal enterprise (21 U.S.C. §848) and therefore his convictions for both counts violated the constitutional prohibition against double jeopardy. As a result of this determination, the conspiracy conviction and its sentence were vacated. See United States of America v. Billy Lampton, 2001 WL 263094 (USDC - E.D. La 2001).

On September 14, 2005 he filed a §2241 habeas petition in this court alleging that he was "actually innocent" of the continuing criminal enterprise based on the 2002 decision of the Fifth Circuit Court of Appeals in United States v. Bass, 310 F.3d 321 (5th Cir. 20020. See Billy Lampton v. Frederick Menifee, Warden, No. 1:05-cv-1623 at doc. 1. On January 25, 2006, the undersigned recommended dismissal of his habeas petition since petitioner's collateral attack was more properly raised in a §2255 Motion and petitioner had not demonstrated that the remedy provided by §2255 was inadequate or ineffective to test the legality of his detention. 1:05-cv-1623 at doc. 4. On February 10, 2006, United States District Judge F.A. Little, Jr. accepted the recommendation and dismissed the petition. 1:05-cv-1623 at doc. 6.

Petitioner appealed; on February 13, 2007 the United States Fifth Circuit Court of Appeals affirmed the judgment. Billy Lampton v. Fredrick Menifee, Warden, 218 Fed. Appx. 301, 2007 WL

527335 (5th Cir. 2007).

On April 9, 2007 petitioner filed the instant petition. He contends that he is "actually innocent" of the enhancement that resulted in the imposition of a life sentence under 21 U.S.C. §851 because the trial court enhanced his sentence based on two prior Louisiana convictions for "simple possession" of cocaine.

### Law and Analysis

The initial inquiry is whether or not petitioner's claims may be properly raised in a § 2241 habeas corpus petition. Section 2241 is generally used to challenge the manner in which a sentence is executed. See Warren v. Miles, 230 F.3d 688, 694 (5th Cir.2000). On the other hand, 28 U.S.C. §2255, provides the process which allows federal inmates to collaterally attack the legality of their convictions or sentences. See Cox v. Warden, Fed. Det. Ctr., 911 F.2d 1111, 1113 (5th Cir.1990).

Federal prisoners may use §2241 to challenge the legality of their convictions or sentences but only if they satisfy the § 2255 "savings clause." See Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir.2001). The "savings clause" provides that a federal convict may file a writ of habeas corpus pursuant to §2241 if the § 2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255. A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively

applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. Reyes-Requena, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the §2255 remedy is inadequate or ineffective. Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir.2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir.2000). The fact that a prior §2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make §2255 inadequate or ineffective. Jeffers, 253 F.3d at 830; Toliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000).

Petitioner attacks the legality of the life sentence imposed pursuant to 21 U.S.C. §851. He claims that the prior state court convictions charging only possession of cocaine (and not possession with intent to distribute, etc.), were insufficient to warrant enhancement under §851.

Such claims are more properly raised in a Motion to Vacate filed pursuant to §2255. Therefore, as shown above, he may bring this *habeas* action only if he can demonstrate that §2255's remedy is "inadequate or ineffective to test the legality of his detention."

Petitioner implies that Salinas v. United States, 547 U.S.

Page 5

188, 126 S.Ct. 1675, 164 L.Ed.2d 364 (2006) and Lopez v. Gonzales, — U.S. —, 127 S.Ct. 625, 166 L.Ed.2d 462 (2006)are retroactively applicable Supreme Court decisions which establish that he is "... innocent of ... the enhancement that was used to sentence him to a mandatory life sentence under 21 U.S.C. §851." His reliance on these cases is misplaced.

In Salinas v. United States, *supra*, the defendant's federal sentence was enhanced under the provisions of Section 4B1.1.(a) of the United States Sentencing Guidelines because of a prior state court conviction for possession of a controlled dangerous substance. The Court noted that the term "controlled substance offense" is defined by §4B1.2(b) as "... an offense under federal or state law ... that prohibits ... the possession of a controlled substance ... with intent to manufacture, import, export, distribute, or dispense." Thus, the Court determined that the lower courts erred in treating the defendant's conviction for simple possession as a "controlled substance offense" under the Sentencing Guidelines. Salinas, 547 U.S. 188.

In Lopez, *supra*, the petitioner, who was a legal permanent resident, was convicted in South Dakota of aiding and abetting another person's possession of cocaine and sentenced to serve five years imprisonment. Upon his release, the government commenced removal proceedings on the theory that petitioner had been convicted of a controlled substance violation and an

aggravated felony under 8 U.S.C. §1227(a)(2)(B)(i) and §1227(a)(2)(A)(iii). Lopez contested the finding that his state conviction was an aggravated felony because under the INA, he would have been guilty of such an offense only if he had been convicted of "illicit trafficking in a controlled substance" which has been interpreted to mean a drug related offense which would be a felony under the federal Controlled Substance Act. The Court concluded that while simple possession of cocaine was a felony in South Dakota, simple possession of cocaine is not a felony under federal law and therefore not an "aggravated felony" under the INA. Lopez, 127 S.Ct. At 633.

Petitioner's sentence was enhanced in accordance with the provisions of 21 U.S.C. §841 et seq. Under the provisions of that series of statutes, federal courts look to whether or not the federal defendant has been convicted of a prior "felony drug offense" in order to determine whether an enhancement of sentece is appropriate. The term "felony drug offense" is, in turn, defined in §802(44) as "... an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs..."

In other words, since petitioner's sentence was not enhanced under the Federal Sentencing Guidelines (as was the case in Salinas, supra), but rather under the provisions of 21 U.S.C.

§841 *et seq.*, his prior Louisiana felony convictions for possession of controlled dangerous substances could be considered "felony drug offense[s]" under the statute. Compare <u>United States of America v. James Sandle</u>, 123 F.3d 809 (5th Cir. 1997). Further, since the resolution of petitioner's predicament does not turn on an interpretation of the "aggravated felony" provisions of the INA, the holding of <u>Lopez</u>, *supra*, does not apply.

Since petitioner has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense nor shown that his present claims were foreclosed by Fifth Circuit law at the time when they should have been raised either at his trial, appeal, or first Motion to Vacate, his *habeas corpus* petition must be dismissed for lack of jurisdiction. See <u>Tran v. Conner</u>, 275 F.3d 1081 (5th Cir. 2001).

Accordingly,

**IT IS RECOMMENDED THAT** petitioner's Application for Federal Writ of Habeas Corpus Under 28 U.S.C. §2241 be **DENIED** and **DISMISSED WITH PREJUDICE** for lack of jurisdiction;

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections

within ten (10) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Alexandria, Louisiana, _____, 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE