RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE 8/13/07
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| BILLY LAMPTON<br>FED. REG. NO. 25078-034 | CIVIL ACTION NO. 07-0628<br>SECTION P |
| VS. | JUDGE DRELL |
| WARDEN FREDRICK MENIFEE | MAGISTRATE JUDGE KIRK |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

On April 9, 2007 petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. The petition attacked the legality of the enhanced sentence imposed following petitioner's 1997 convictions for various drug-related offenses in the United States District Court for the Eastern District of Louisiana. Petitioner contended that he is "actually innocent" of the enhancement that resulted in the imposition of a life sentence under 21 U.S.C. §851 because the trial court enhanced his sentence based on two prior Louisiana convictions for "simple possession" of cocaine. He claimed that these prior state court convictions for possession of cocaine (and not possession with intent to distribute, etc.), were insufficient to warrant enhancement under §851.[1]

---

[1] Petitioner's sentence was enhanced pursuant to his status as a recidivist under the provisions of 21 U.S.C. §851 and not pursuant to the United States Sentencing Guidelines. §851 provides in part: "If any person commits a violation of this subparagraph or of sections 849, 859, 860, or 861 of this title after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment..." In United States of America v. Billy Lampton, 2001 WL

In his original petition [doc. 1], his "response" [doc. 7], and his objection [doc. 7] to the Report and Recommendation, Lampton claimed that the United States Supreme Court's decision in Lopez v. Gonzales, ___ U.S. ___, 127 S.Ct. 625, 166 L.Ed.2d 462 (December 5, 2006), is a retroactively applicable Supreme Court decision which established that he is "... innocent of ... the enhancement that was used to sentence him to a mandatory life sentence under 21 U.S.C. §851."

On July 23, 2007, the undersigned recommended dismissal of petitioner's §2241 *habeas corpus* petition. [doc. 4²] On the same

---

263094,the following facts were noted: "The district judge enhanced Lampton's sentences on his drug related convictions based on his prior state convictions for felony drug offenses and sentenced Lampton to a 360 month term of imprisonment on each count of distribution of heroin (21 U.S.C. § 841(a)(1)), a term of life imprisonment for conspiracy to distribute heroin, cocaine, and marijuana (21 U.S.C. § 846), and a term of life imprisonment for engaging in a continuing criminal enterprise (21 U.S.C. § 848). The district judge also sentenced defendant to a 120 month term of imprisonment for fraudulent use of a telecommunications instrument (18 U.S.C. § 1029(a)(5)). All of the sentences run concurrently with one another... Relying on United States v. Covington, 133 F.3d 639 (8 Cir.1998), defendant contends that his October 9, 1987, conviction for possession of cocaine cannot be used to enhance his sentences because the state judge suspended the term of imprisonment imposed for the conviction. In Covington, the Eighth Circuit held that the defendant did not qualify as a career offender under U.S. Sentencing Guidelines Manual § 4B1.1 because one of his prior offenses had not 'resulted in the defendant being incarcerated during any part of [the] fifteen year period' ending when the defendant's instant offense was committed. *Id.* at 642. In the present case the sentencing judge did not apply U.S. Sentencing Guideline § 4B1.1. Accordingly, United States v. Covington is inapplicable. Moreover, 21 U.S.C. § 851 does not require that the defendant actually be imprisoned as a result of a prior felony drug conviction in order to enhance a defendant's sentence based on that prior felony drug conviction."

² The undersigned noted, "Petitioner attacks the legality of the life sentence imposed pursuant to 21 U.S.C. §851. He claims that the prior state court convictions charging only possession of cocaine (and not possession with intent to distribute, etc.), were insufficient to warrant enhancement under §851.

Such claims are more properly raised in a Motion to Vacate filed pursuant to

Page 2

---

§2255. Therefore, as shown above, he may bring this *habeas* action only if he can demonstrate that §2255's remedy is 'inadequate or ineffective to test the legality of his detention.'

Petitioner implies that <u>Salinas v. United States</u>, 547 U.S. 188, 126 S.Ct. 1675, 164 L.Ed.2d 364 (2006) and <u>Lopez v. Gonzales</u>, – U.S. –, 127 S.Ct. 625, 166 L.Ed.2d 462 (2006)are retroactively applicable Supreme Court decisions which establish that he is '... innocent of ... the enhancement that was used to sentence him to a mandatory life sentence under 21 U.S.C. §851.' His reliance on these cases is misplaced.

In <u>Salinas v. United States</u>, *supra*, the defendant's federal sentence was enhanced under the provisions of Section 4B1.1.(a) of the United States Sentencing Guidelines because of a prior state court conviction for possession of a controlled dangerous substance. The Court noted that the term 'controlled substance offense' is defined by §4B1.2(b) as '... an offense under federal or state law ... that prohibits ... the possession of a controlled substance ... <u>with intent to manufacture, import, export, distribute, or dispense</u>.' Thus, the Court determined that the lower courts erred in treating the defendant's conviction for simple possession as a 'controlled substance offense' under the Sentencing Guidelines. <u>Salinas</u>, 547 U.S. 188.

In <u>Lopez</u>, *supra*, the petitioner, who was a legal permanent resident, was convicted in South Dakota of aiding and abetting another person's possession of cocaine and sentenced to serve five years imprisonment. Upon his release, the government commenced removal proceedings on the theory that petitioner had been convicted of a controlled substance violation and an aggravated felony under 8 U.S.C. §1227(a)(2)(B)(i) and §1227(a)(2)(A)(iii). Lopez contested the finding that his state conviction was an aggravated felony because under the INA, he would have been guilty of such an offense only if he had been convicted of 'illicit trafficking in a controlled substance' which has been interpreted to mean a drug related offense which would be a felony under the federal Controlled Substance Act. The Court concluded that while simple possession of cocaine was a felony in South Dakota, simple possession of cocaine is not a felony under federal law and therefore not an 'aggravated felony' under the INA. <u>Lopez</u>, 127 S.Ct. At 633.

Petitioner's sentence was enhanced in accordance with the provisions of 21 U.S.C. §841 *et seq*. Under the provisions of that series of statutes, federal courts look to whether or not the federal defendant has been convicted of a prior 'felony drug offense' in order to determine whether an enhancement of sentence is appropriate. The term 'felony drug offense' is, in turn, defined in §802(44) as '... an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs...'

In other words, since petitioner's sentence was not enhanced under the Federal Sentencing Guidelines (as was the case in <u>Salinas</u>, *supra*), but rather under the provisions of 21 U.S.C. §841 *et seq.*, his prior Louisiana felony convictions for possession of controlled dangerous substances could be considered 'felony drug offense[s]' under the statute. Compare <u>United States of America v. James Sandle</u>, 123 F.3d 809 (5th Cir. 1997). Further, since the resolution of petitioner's predicament does not turn on an interpretation of the 'aggravated felony' provisions of the INA, the holding of <u>Lopez</u>, *supra*, does not apply.

Page 3

date petitioner filed a "Motion for this Honorable Court to Take Judicial Notice of the Supreme Court's Recent Decision in <u>Lopez v. Gonzales</u> ... Applied to the 'Savings Clause Test' set forth in <u>Reyes-Requena v. United States</u> ... in Considering Petitioner's 28 U.S.C. §2241 Petition That's Pending in this Honorable Court." [doc. 6] On August 6, 2007 he filed a formal objection to the Report and Recommendation. [doc. 7]

On August 10, 2007 the Court declined to adopt the Report and Recommendation and ordered "... reconsideration regarding the objections filed and particularly to consider the impact, if any of <u>U.S. v. Mesa</u>, 205 Fed. Appx. 264 (5th Cir. 2006), *cert. denied*, 127 S.Ct. 1845 (2007), <u>U.S. v. Estrada-Mendoza</u>, 475 F.3d 258 (5th Cir. 2007), ... <u>Toldeo-Flores v. U.S.</u>, 127 S.Ct. 638 ... [and] <u>U.S. v. Figueroa-Ocampo</u>, 2007 WL 2104787 (9th Cir. 2007)..." [doc. 8]

### *Law and Analysis*

In his objections [docs. 6 and 7], petitioner apparently abandoned his reliance upon <u>Salinas v. United States</u>, 547 U.S. 188, 126 S.Ct. 1675, 164 L.Ed.2d 364 (2006) choosing instead to rely on <u>Lopez v. Gonzales</u>, — U.S. —, 127 S.Ct. 625, 166 L.Ed.2d

---

Since petitioner has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense nor shown that his present claims were foreclosed by Fifth Circuit law at the time when they should have been raised either at his trial, appeal, or first Motion to Vacate, his *habeas corpus* petition must be dismissed for lack of jurisdiction. See <u>Tran v. Conner</u>, 275 F.3d 1081 (5th Cir. 2001)." [doc. 4, pp. 5-8]

462 (2006) to support his claim that this latter case is a retroactively applicable Supreme Court decision which establishes that he is innocent of the enhancement that was used to sentence him to a mandatory life sentence under 21 U.S.C. §851. For the following reasons, neither Salinas, Lopez, nor the other cases cited by petitioner impact the Report and its recommendation for dismissal.

First, as noted in the original Report and Recommendation, petitioner cannot rely upon the holding of Lopez because in that case, unlike the instant case, the Supreme Court was called upon to determine whether the petitioner's state law convictions constituted an "aggravated felony" under specific provisions of the INA. The Court in Lopez was not called upon to consider the enhanced sentencing provisions of 21 U.S.C. §851 as those provisions relate to recidivists.[3]

---

[3] Other courts which have been called upon to consider whether Lopez v. Gonzales should be applied in the context of either a motion to vacate under 28 U.S.C. §2255 or a petition for *habeas corpus* under 28 U.S.C. §2241 have arrived at the same conclusion. See United States of America v. Pablo Ortega, 2007 WL 1650413 (N.D. Iowa, June 4, 2007); Lloyd George Maxwell v. Warden, 2007 WL 546366 (N.D. Ohio, February 16, 2007); United State of America v. Danny Marshall Winningham, 2007 WL 1308673 (N.D.Fla. 5/3/2007)("In his objections, Defendant argues that the recent Supreme Court case Lopez v. Gonzales, 549 U.S. ----, 127 S.Ct. 625, 166 L.E.2d 462 (2006), mandates that his 1993 state conviction for cocaine possession does not qualify as a felony for purposes of sentence enhancement. Lopez held that 'a state offense constitutes a 'felony punishable under the Controlled Substances Act' only if it proscribes conduct punishable as a felony under that federal law.' *Id.* at 633. The key distinction between Lopez and the instant case is that the definition of a felony drug offense is not tied to the Controlled Substances Act. Rather, the term 'felony drug offense' is defined as 'an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State.' 21 U.S.C. § 802(44)... Because Defendant was convicted of a drug offense punishable as a felony by the state, it qualifies to enhance Defendant's sentence under 21 U.S.C. § 841(b)(1)(A).")

Further, the cases of concern cited by the Court in the order of remand [doc. 8], have no impact on the Report and Recommendation:

1. In <u>United States of America v. Juan de Jesus Mesa</u>, 205 Fed. Appx. 264 (5th Cir. 2006)(unpublished), *cert. denied*, 127 S.Ct. 1845 (2007), the Courts were called upon to interpret a provision of the INA, namely 8 U.S.C. §1326. The brief *per curiam* cited in the order of remand offers no support for petitioner's claims.

2. In <u>United States v. Estrada-Mendoza</u>, 475 F.3d. 258 (5th Cir. 2007), the Fifth Circuit was called upon to discuss the holding of <u>Lopez</u> as it relates to the determination of an "aggravated felony" under the United States Sentencing Guidelines and not, as in petitioner's case, sentencing under the provisions of 21 U.S.C. §§851 and 802(44).[4]

3. Reliance on <u>Toledo-Flores v. United States</u>, ___ U.S. ___, 127 S.Ct. 638, 166 L.Ed.2d 481 (2007) is likewise inappropriate. This case was based on facts similar to the facts argued in <u>Lopez</u>. Following an initial grant of writs, the Supreme Court ultimately dismissed the writ as improvidently granted. At best, this decision is inapposite for the same reasons that <u>Lopez</u> is

---

[4] In <u>Estrada-Mendoza</u>, the court noted, "...(Estrada) pleaded guilty to illegal reentry after deportation in violation of 8 U.S.C. § 1326(a) and (b)(2). Estrada's presentence investigation report (PSR) set his base offense level at 8 and added 8 levels for his prior Texas felony conviction for possession of a controlled substance, <u>which the PSR characterized as an "aggravated felony" under U.S.S.G. § 2L1.2(B)(1)(C)</u>." (Emphasis supplied)

inapposite.

4. Finally, <u>United States of America v. Figueroa-Ocampo</u>, ___ F.3d. ___ (9th Cir. July 24, 2007), 2007 WL 2104787 is likewise of no relevance. This recent decision of the Ninth Circuit Court of Appeals applied the holding of <u>Lopez</u> to an interpretation of "aggravated felony" under the United States Sentencing Guidelines.

As pointed out in the original Report and Recommendation, petitioner's sentence was enhanced in accordance with the provisions of 21 U.S.C. §841 *et seq.* and not the United States Sentencing Guidelines or the INA. [See footnote 1, *supra*] Under the anti-recidivist provisions of §841 *et seq.*, federal courts look to whether or not the federal defendant has been convicted of a prior "felony drug offense" in order to determine whether an enhancement of sentence is appropriate. The term "felony drug offense" is, in turn, specifically defined in §802(44) as "... <u>an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs</u>..." Mere possession of cocaine, while a misdemeanor under the Federal Controlled Substances Act (and thus not an "aggravated felony" under the appropriate provisions of the Sentencing Guidelines or the INA), is an offense punishable by imprisonment for more than one-year under Louisiana law. [See La.

Page 7

R.S.40:967(C)(2).]

In other words, since petitioner's sentence was not enhanced under the Federal Sentencing Guidelines (as was the case in Salinas, Figueroa-Ocampo, and Estrada-Mendoza, supra), but rather under the provisions of 21 U.S.C. §841 et seq., his prior Louisiana felony convictions for possession of controlled dangerous substances could be considered "felony drug offense[s]" under the statute. Thus, sentence enhancement under the provisions of §841 is not prohibited by Salinas or Lopez or any of the other cases relied upon by petitioner. See United States of America v. James Sandle, 123 F.3d 809 (5th Cir. 1997).

Therefore,

**IT IS AGAIN RECOMMENDED THAT** petitioner's Application for Federal Writ of Habeas Corpus Under 28 U.S.C. §2241 be **DENIED** and **DISMISSED WITH PREJUDICE** for lack of jurisdiction;

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date**

of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

    In Chambers, Alexandria, Louisiana, August 13th, 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE